IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FANNIE MAE**, | CIVIL ACTION |
| Plaintiff, | Case No.: 23-02024 |
| v. | |
| **PF HILLSIDE MANOR, LP,** | |
| Defendant. | |

### PLAINTIFF FANNIE MAE'S MOTION FOR DEFAULT ORDER

Pursuant to 42 Pa. C.S. § 8103(c)(1), made applicable to this proceeding by Fed. R. Civ. P. 69(a)(1), Plaintiff Fannie Mae ("Plaintiff") respectfully moves the Court to enter an order by default, granting its *Plaintiff Fannie Mae's Motion to (I) Fix Fair Market Value, and (II) Ener a Deficiency Judgment* (the "Fair Market Value Motion") [Doc. No. 44]. In support of this Motion, Plaintiff states as follows:

1. On December 26, 2024, Plaintiff filed the Fair Market Value Motion. In the Fair Market Value Motion, Plaintiff requested the Court enter an order, pursuant to 42 Pa. C.S.A. § 8103(a), made applicable to this proceeding by Fed. R. Civ. P. 69(a)(1), (i) fixing the fair market value of the real property known as Hillside Manor, 1127 Ward Street, Chester, Pennsylvania 19013 (the "Property"), and (ii) entering a Deficiency Judgment in favor of Plaintiff and against Defendant PF Hillside Manor, LP ("Defendant").[1]

2. Defendant was served with a copy of the Fair Market Value Motion on December 26, 2024, via CM/ECF System and U.S. First Class Mail. *See* Doc. No. 44.

---

[1] Capitalized terms not defined herein have the meaning provided in the Motion.

3. Oron Zarum, Guarantor, was served with a copy of the Fair Market Value Motion on December 26, 2024, via CM/ECF System and U.S. First Class Mail. *See id.*

4. Pursuant to 42 Pa. C.S. § 8103(c)(1), "[i]f no answer is filed within the time prescribed by general rule . . . the court shall determine and fix as the fair market value of the property sold the amount thereof alleged in the petition to be the fair market value."

5. Defendant has failed to file an answer, or otherwise plead to the said Fair Market Value Motion within the required fourteen (14) days from receipt of service, as required by Local Rule 7.1(c).

6. As a result of Defendant's failure to answer or otherwise respond to the Fair Market Value Motion, Plaintiff respectfully requests the Court enter an Order fixing the fair market value of the real property at the value set forth herein.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order, substantially in the form of order attached hereto as **Exhibit A**:

  i. granting the Fair Market Value Motion;

  ii. fixing the fair market value of the Property at $12,200,000;

  iii. entering a Deficiency Judgment in favor of Plaintiff and against Defendant in the amount of $2,490,808, *plus* the amount of reasonable attorneys' fees in incurred by Plaintiff through the date judgment is entered, *plus* post-judgment per diem interest at $218.01 from and including January 25, 2025 and until the date that the Deficiency Judgment is entered, *plus* post-judgment per diem interest at $218.01 from and including January 25, 2025 and until the date that the Deficiency Judgment is entered, *plus* post-judgment interest in accordance with 28 U.S.C. 1961 accruing daily at the lawful rate until the judgment is satisfied in full; and

    iv.    granting any other and further relief which this Court believes is appropriate under the circumstances.

Dated: January 29, 2025

Respectfully submitted,

REED SMITH LLP

By:   */s/ Victoria A. Russell*
Victoria A. Russell
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Email: vrussell@reedsmith.com

- and –

Jared S. Roach (*pro hac vice*)
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Email: jroach@reedsmith.com

*Attorneys for Fannie Mae*

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this 29th day of January 2025, a true and correct copy of the within *Plaintiff Fannie Mae's Motion for Default Order* has been served via transmission of Notices of Electronic filing generated by the CM/ECF System to those parties registered to receive Notices of Electronic Filing in this case, and upon all other parties at the addresses listed below by U.S. First Class Mail, postage prepaid.

PF Hillside Manor, LP
47 High Street
Lakewood NJ 08701

Oron Zarum
47 High Street
Lakewood, NJ 08701

Mark S. Halpern
Mark S. Halpern & Associates, P.C.
150 N. Radnor Chester Road
Suite F-200
Radnor, PA 19087

S. Joshua Kahane
Glankler Brown, PLLC
6000 Poplar Ave., Suite 400
Memphis, TN 38119

                                                      */s/ Victoria Russell*

**EXHIBIT A**

Proposed Order

(attached)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FANNIE MAE**, <br><br> Plaintiff, <br> v. <br><br> **PF HILLSIDE MANOR, LP,** <br><br> Defendant. | CIVIL ACTION <br><br> Case No.: 23-02024 |

### ORDER

AND NOW, this _____ day of _____, 2025, upon consideration of the *Plaintiff Fannie Mae's Motion to (I) Fix Fair Market Value, and (II) Ener a Deficiency Judgment* (the "Motion") filed by Fannie Mae ("Plaintiff"), and any response thereto, IT IS HEREBY ORDERED AND DECREED that:

1. The fair market value of the Property (the premises: Hillside Manor, 1127 Ward Street, Chester, Pennsylvania 19013) is fixed at $12,200,000.

2. A Deficiency Judgment is entered in favor of Plaintiff and against Defendant PF Hillside Manor, LP in the amount of $2,490,808, *plus* the amount of reasonable attorneys' fees in incurred by Plaintiff through the date judgment is entered, *plus* post-judgment per diem interest at $218.01 from and including January 25, 2025 and until the date that the Deficiency Judgment is entered, *plus* post-judgment interest in accordance with 28 U.S.C. 1961 accruing daily at the lawful rate until the judgment is satisfied in full.

Dated: _____, 2025        BY THE COURT:

                                        _____, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FANNIE MAE**, <br><br> Plaintiff, <br><br> v. <br><br> **PF HILLSIDE MANOR, LP,** <br><br> Defendant. | CIVIL ACTION <br><br> Case No.:  23-02024 |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF FANNIE MAE'S MOTION FOR DEFAULT ORDER**

Plaintiff Fannie Mae ("Plaintiff"), through its undersigned counsel, hereby files this Memorandum of Law in support of *Plaintiff Fannie Mae's Motion for Default Order* (the "Motion"), for entry an order, substantially in the form of order attached to the Motion as **Exhibit A**, granting *Plaintiff Fannie Mae's Motion to (I) Fix Fair Market Value, and (II) Ener a Deficiency Judgment* (the "Fair Market Value Motion") [Doc. No. 44] pursuant to 42 Pa. C.S.A. § 8103(a), made applicable to this proceeding by Fed. R. Civ. P. 69(a)(1), and (i) fixing the fair market value of the real property known as Hillside Manor, 1127 Ward Street, Chester, Pennsylvania 19013 (the "Property"), and (ii) entering a Deficiency Judgment in favor of Plaintiff and against Defendant PF Hillside Manor, LP ("Defendant" or "Borrower").  In support thereof, Plaintiff represents as follows:

**BACKGROUND**

**A.     The Loan Documents.**

2. On September 9, 2020, Arbor Commercial Funding I, LLC, a New York limited liability company ("Original Lender"), loaned $13,000,000 (the "Loan") to Defendant pursuant to that certain Multifamily Loan and Security Agreement (Non-Recourse) (the "Loan Agreement")

and related Loan Documents (as defined herein). A true and correct copy of the Loan Agreement is attached to the Fair Market Value Motion as **Exhibit B** and incorporated by reference herein.

3. The Loan is evidenced by a Multifamily Note (the "Note"), dated September 9, 2020. A true and correct copy of the Note is attached to the Fair Market Value Motion as **Exhibit C** and incorporated by reference herein.

4. The Note is secured by that certain Open-End Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Mortgage") granted by Defendant to Original Lender, dated September 9, 2020, and made effective as of September 9, 2020. That Mortgage was recorded on October 19, 2020, with the Delaware County Recorder of Deeds, Delaware County, Pennsylvania (the "Recorder's Office") at Instrument Number 2020058747, and encumbers the Property, as more particularly described therein (the "Mortgaged Property"). A true and correct copy of the Mortgage is attached to the Fair Market Value Motion as **Exhibit D** and incorporated by reference herein.

5. Oron Zarum ("Zarum" or the "Guarantor")[1] executed and delivered to Original Lender that certain Guaranty of Non-Recourse Obligations (the "Guaranty"), dated September 9, 2020, pursuant to which Guarantor guaranteed all amounts owed to Lender pursuant to the Loan Agreement, including all of Original Lender's fees and expenses incurred by Original Lender in enforcing its rights under the Guaranty. A true and correct copy of the Guaranty is attached to the Fair Market Value Motion as **Exhibit E** and incorporated by reference herein.

6. The Note is further secured by the following:

    a. UCC-1 Financing Statements duly filed with the Commonwealth of Pennsylvania on September 10, 2020, at Instrument Number 2020091100135 (the

---

[1] "Guarantor", together with Borrower, the "Obligors".

"Financing Statement"). A true and correct copy of the Financing Statement is attached to the Fair Market Value Motion as **Exhibit F** and incorporated by reference herein.

  b. An Environmental Indemnity Agreement (the "Indemnity Agreement") from Defendant to Original Lender, dated September 9, 2020. A true and correct copy of the Indemnity Agreement is attached to the Fair Market Value Motion as **Exhibit G** and incorporated by reference herein.

  7. The Note, the Mortgage, the Guaranty, and all such other documents executed by Defendant and Guarantor to secure the Note are referred collectively to as the "Loan Documents."[2]

  8. Original Lender assigned to Plaintiff all right, title, and interest in and to the Mortgage pursuant to the Assignment of Security Interest (the "Mortgage Assignment"), recorded with the Recorder's Office at Instrument Number 2020062604 on November 6, 2020. A true and correct copy of the Mortgage Assignment is attached to the Fair Market Value Motion as **Exhibit H** and incorporated by reference herein.

  9. Original Lender assigned to Plaintiff all right, title, and interest in and to the Loan Documents, pursuant to Assignment of Collateral Agreements and Other Loan Documents ("Loan Documents Assignment"), dated September 9, 2020. A true and correct copy of the Loan Document Assignment is attached to the Fair Market Value Motion as **Exhibit I** and incorporated by reference herein.

---

[2] Capitalized terms used but not defined herein have the meanings given in the Loan Documents or the Fair Market Value Motion, as applicable.

10. The Mortgaged Property encumbered by the Mortgage is described more particularly in **Exhibit J** attached to the Fair Market Value Motion and incorporated by reference herein.

### B. The Judgment in Mortgage Foreclosure.

11. Plaintiff commenced this case against Defendant on May 26, 2023, by filing a *Complaint in Mortgage Foreclosure* [Doc. No. 1] (the "Complaint") and *Plaintiff's Motion for the Expedited Appointment of a Receiver* [Doc. No. 4].

12. On September 22, 2023, the Court entered the *Order Appointing a Receiver* [Doc. No. 26] (the "Receivership Order") naming Trigild IVL, LLC (the "Receiver") as the receiver over all property in or upon which Plaintiff has a mortgage, lien, security interest, or assignment, including certain real and personal property located in Delaware County, Pennsylvania, as more particularly described in the Complaint, the Receivership Order, and the Open-End Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated September 9, 2020, and made effective as of September 9, 2020.

13. On November 30, 2023, the Court entered an order [Doc. No. 30] (the "Judgment") granting *Fannie Mae's Motion for Summary Judgment* [Doc. No. 28], pursuant to which the Court (i) entered an *in rem* Judgment in Mortgage Foreclosure in favor of Plaintiff in the amount of not less than $13,760,241.74 and (ii) ordered that the Mortgaged Property be sold at public auction in accordance with applicable law. Pursuant to the terms of the Judgment, Plaintiff was permitted to update its judgment amount on the event of the sale. A true and correct copy of the Judgment is attached to the Fair Market Value Motion as **Exhibit K** and incorporated by reference herein.

14. On January 9, 2024, the Court issued a *Writ of Execution* directing the United States Marshals (the "USM") to sell the Mortgaged Property at a public sale (the "USM Sale").

15. On May 15, 2024, the USM conducted the USM Sale and Plaintiff was the successful bidder of the Mortgaged Property.

16. On June 14, 2024, Plaintiff filed the *Notice of Proposed Schedule of Distribution* [Doc. No. 39], and the USM subsequently distributed the proceeds from the USM Sale consistent therewith.

17. On June 28, 2024, a USM's deed (the "Deed") conveying the Mortgaged Property to Plaintiff was recorded with the Delaware County Recorder of Deeds, which was recorded at Instrument No. 2024021750. A true and correct copy of the Deed is attached to the Fair Market Value Motion as **Exhibit L**, the provisions of which are incorporated by reference as though fully set forth therein.

18. As a result, pursuant to Rule 3132 of the Pennsylvania Rules of Civil Procedures, made applicable by Federal Rule Civil Procedure 64, the sale of the Mortgaged Property to Plaintiff became final.

C. **The Fair Market Value Motion.**

19. On December 26, 2024, Plaintiff filed the Fair Market Value Motion, pursuant to 42 Pa. C.S.A. § 8103(a), made applicable to this proceeding by Fed. R. Civ. P. 69(a)(1).

20. On December 26, 2024, Defendant and Guarantor were served with the Fair Market Value Motion, via transmission of Notices of Electronic filing generated by the CM/ECF System and U.S. First Class Mail.

21. Under Local Rule 7.1(c), Defendant was required to respond to the Fair Market Value Motion within fourteen (14) days from receipt of service—on or before January 9, 2025.

22. As of the date of the Motion, Defendant has failed to file an answer, or otherwise plead to the said Fair Market Value Motion.

**RELIEF REQUESTED**

23. For the reasons set forth above, Plaintiff requests that the Court enter an Order in the form attached to the Motion as **Exhibit A** (i) fixing the fair market value of the Property as set forth herein, (ii) entering a Deficiency Judgment, in favor of Plaintiff and against Defendant, in the amount of $2,490,808, *plus* the amount of reasonable attorneys' fees in incurred by Plaintiff through the date judgment is entered, *plus* post-judgment per diem interest at $218.01 from and including January 25, 2025 and until the date that the Deficiency Judgment is entered, *plus* post-judgment interest in accordance with 28 U.S.C. 1961 accruing daily at the lawful rate until the judgment is satisfied in full, and (iii) granting Plaintiff such other and further relief as may be just and proper.

**BASIS FOR RELIEF**

24. Pursuant to Federal Rule of Civil Procedure 69(a)(1):

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). Rule 69 therefore requires that the money judgment in this case accords with the procedures of Pennsylvania, the state where this Court is located.

25. The Pennsylvania Deficiency Judgment Act ("DJA") states:

> Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered.

42 a. C.S.A. 8103(a).

- 6 -

26. The petition must be filed within six months of delivery of the sheriff's deed for the property sold in execution. 42 Pa. C.S.A. 5622(b). "The six-month period begins on the date the deed is delivered to the creditor, not the date of the sheriff's sale." *Munoz v. Sovereign Bank*, 2007 U.S. Dist. LEXIS 38208, at *6 (E.D. Pa. May 24, 2007). If Defendant fails to answer this petition "within the time prescribed by general rule, … the Court shall determine and fix as the fair market value of the property sold the amount thereof alleged in the petition to be the fair market value." 42 Pa. C.S.A. § 8103(c)(1).

27. Pursuant to Rule 69 of the Federal Rules of Civil Procedure, proceedings on and in aid of execution of a judgment shall be in accordance with the practice and procedure of the state in which the district court is held at the time the remedy is sought. Thus, the Deficiency Judgment Act is made applicable to these proceedings and the Court is required to apply the Act in this action. *See Marine Midland Bank v. Surfbelt, Inc.*, 718 F.2d 611 (3rd Cir. 1983) (holding that right to appraisal under Pennsylvania Deficiency Judgment Act was a substantive right, and the Act was required to be applied in federal diversity action); *United States v. Decisions Child Care Ctr., Inc.*, Case No. 11-2163, 2013 U.S. Dist. LEXIS 75570, at (M.D. Pa. May 30, 2013) ("the Deficiency Judgment Act applies to the instant matter by virtue of Federal Rule of Civil Procedure 69, which states that in proceedings on the execution of a money judgment, and in proceedings in aid thereof, the procedure to be applied is that of the state where the district court sits.").

28. Pursuant to 42 Pa. C.S. § 8103(c)(1), "if no answer is filed within the time prescribed by general rule, […] the court shall determine and fix as the fair market value of the property sold the amount thereof alleged in the petition to be the fair market value." 42 Pa. C.S. § 8103(c)(1).

## ARGUMENT

29. In the Motion, Plaintiff is asking the Court to (i) fix the fair market value of the Property and (ii) enter a Deficiency Judgment against the Defendant in order to allow Plaintiff to enforce the full amount of the Judgment against Defendant.

### A. The Fair Market Value of the Property.

30. It is believed, and therefore averred, that the fair market value of the Property is approximately $12,200,000 (the "Fair Market Value"), as evidenced by a recent independent appraisal of the Property (the "Appraisal"), conducted by Colliers International Valuation & Advisory Services ("Colliers") on March 27, 2024. A true and correct copy of the Appraisal conducted by Colliers is attached to the Fair Market Value Motion as **Exhibit M**, and incorporated herein.

31. Accordingly, Lender requests that the Court set fair market value at $12,200,000, the value of the Property as determined by the Appraisal.

### B. There is A Deficiency Owed to Plaintiff.

32. The price at which the Property was sold at the USM Sale does not satisfy the judgment amount owed to Plaintiff by Defendant.

33. The costs incurred by Plaintiff in settling with the USM and for the Deed total $50,156.80. A true and correct accounting of the USM's commission and other related costs are detailed in the *Marshal's Report of Sale* [Doc. No. 38] and incorporated herein.

34. Defendant is the only entity of whom Plaintiff is aware who is currently liable to Plaintiff on the aforesaid debt; provided, however, it is believed that Defendant has no further assets, and the Guarantor provided a Guaranty to Plaintiff, which following the determination of the deficiency amount, Plaintiff may pursue in a separate action on account of certain exceptions in the Loan Documents to the non-recourse nature of the Loan. Here, the exceptions to the non-

recourse nature of the Loan include impermissible liens being placed on the Property and the occurrence of waste at the Property, among other potential exceptions to the non-recourse nature of the Loan.

35. Plaintiff's deficiency is comprised of the following amounts:

| Judgment Amount | $13,760,241.74 |
|---|---|
| Loan Documents Per Diem Interest from 10/31/23 through 06/28/2024[3] | $615,740.54 |
| Post-Judgment Interest from 06/29/2024 through 01/24/2025[4] | $45,563.33 |
| Fees and Costs Incurred by Plaintiff from 10/31/23 through 01/24/2025 | $164,604.68 |
| USM Cost of Sale re: Service | $156.80 |
| USM Commission | $50,000.00 |
| Advertising Costs | $5,153.10 |
| Municipal Lien filed at Case No. CV-2022-064362 | $49,347.76 |
| **Sub-Total** | $14,690,807.95 |
| *Less the Fair Market Value* | ($12,200,000) |
| **TOTAL DEFICIENCY** | **$2,490,808**[5] |

36. In accordance with the foregoing, the deficiency owed to Plaintiff is equal to $2,981,782.02.

37. Consequently, under 42 Pa. C.S. § 8103(a), Plaintiff is entitled to seek the sale of other property of Defendant, in order to satisfy the full amount of the Judgment.

---

[3] In accordance with the Order [Doc. No. 30] granting Plaintiff's motion for summary judgment, interest under the Loan Documents is only included through the date that the United States Marshals' deed conveying the Mortgaged Property to Plaintiff was recorded with the Delaware County Recorder of Deeds.

[4] In accordance with 28 U.S.C. 1961, interest is allowed on any money judgment in a civil case recovered in a district court. Because post-judgment interest only accrues only on the unpaid balance of the judgment, the post-judgment interest of 5.01% was calculated using a judgment of $1,560,241.74, which is the judgment amount from the Order ($13,760,241.74) less the fair market value ($12,200,000). This amount will continue to accrue at $218.01 per diem until the Deficiency Judgment is entered in accordance with this Motion.

[5] Fannie Mae reserves the right to update the amount of the Deficiency Judgment prior the Court entering an order with such Deficiency Judgment.

C.     **Entry of A Default Order is Appropriate.**

38.    Pursuant to 42 Pa. C.S. § 8103(c)(1), "if no answer is filed within the time prescribed by general rule, […] the court shall determine and fix as the fair market value of the property sold the amount thereof alleged in the petition to be the fair market value."

39.    Defendant was required to respond to the Fair Market Value Motion on or before January 9, 2025.  As of the date of the Motion, Defendant has failed to file an answer, or otherwise plead to the said Fair Market Value Motion.

40.    As the Defendant has failed to answer the Fair Market Value Motion, the Court can enter an order granting the Fair Market Value Motion by Default.  42 Pa. C.S. § 8103(c)(1).

WHEREFORE, Plaintiff Fannie Mae respectfully requests that the Court enter an Order pursuant to 42 Pa. C.S.A. § 8103, substantially in the form attached to the Motion as **Exhibit A**, (i) fixing the fair market value of the Property as set forth herein, (ii) entering a Deficiency Judgment, in favor of Plaintiff and against Defendant, in the amount of $2,490,808, *plus* the amount of reasonable attorneys' fees in incurred by Plaintiff through the date judgment is entered, *plus* post-judgment per diem interest at $218.01 from and including January 25, 2025 and until the date that the Deficiency Judgment is entered, *plus* post-judgment interest in accordance with 28 U.S.C. 1961 accruing daily at the lawful rate until the judgment is satisfied in full, and (iii) granting Plaintiff such other and further relief as may be just and proper.[6]

---

[6] Fannie Mae reserves the right to update the amount of the Deficiency Judgment prior the Court entering an order with such Deficiency Judgment.

- 11 -

Dated: January 29, 2025

Respectfully submitted,

REED SMITH LLP

By:   <u>*/s/ Victoria A. Russell*</u>
     Victoria A. Russell
     1717 Arch Street, Suite 3100
     Philadelphia, PA 19103
     Telephone: (215) 851-8100
     Email: vrussell@reedsmith.com

- and -

Jared S. Roach (*pro hac vice*)
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Email: jroach@reedsmith.com

*Attorneys for Fannie Mae*