IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FANNIE MAE, : | |
|       Plaintiff, : | |
| : | |
| v. : | Civ. No. 23-2024 |
| : | |
| PF HILLSIDE MANOR, LP, : | |
|       Defendant. : | |

# ORDER

I previously granted summary judgment in favor of plaintiff Fannie Mae. (Doc. No. 30.) The agency now seeks to fix the fair market value of a property it acquired from defendant PF Hillside Manor, LP in satisfaction of that judgment. (Doc. No. 44.) It also seeks a deficiency judgment, as well as other interest, fees, and costs. (Id.) In light of PF's failure to oppose the request, Fannie Mae has requested a default order, which I will grant. (Doc. No. 45.)

## I.   BACKGROUND

On September 9, 2020, PF entered into a $13 million Loan Agreement from Arbor Commercial Funding I, LLC, secured by a mortgage on real property at 1127 Ward Street, Chester, Pennsylvania. (Doc. No. 30 at 1.) On November 6, 2020, Arbor assigned Fannie Mae "all rights, title, and interest in and to" the mortgage and loan. (Id.) In 2022 and 2023, PF's breaches of the Loan Agreement triggered five automatic default events. (Id. at 2, 5.) On March 22, 2023, Fannie Mae notified PF of those events of default and accelerated repayment of the outstanding principal. (Id. at 2.)

On May 26, 2023, Fannie Mae commenced this mortgage foreclosure action and moved to appoint a receiver. (Doc. Nos. 1, 4.) PF answered on June 5, 2023 and opposed the motion to appoint a receiver on July 14, 2023. (Doc. Nos. 9, 19.) It has not made a substantive filing since then. (See Docket.) On August 3, 2023, the matter was reassigned to me from Judge Schiller, and

I granted the Motion to Appoint a Receiver on September 14, 2023. (Doc. Nos. 23, 25.) On October 25, 2023, Fannie Mae moved for summary judgment. (Doc. No. 28.) PF did not respond. (See Docket.)

On November 30, 2023, I granted summary judgment for Fannie Mae, entered an *in rem* judgment against PF for not less than $13,760,241.74, and ordered the property at 1127 Ward Street to be sold at public auction. (Doc. No. 30.) On May 15, 2025, the U.S. Marshals Service conducted the auction, at which Fannie Mae submitted the winning bid of $100,000. (See Doc. No. 38.) On June 28, 2024, the agency recorded the deed. (Doc. No. 44-13.) On August 12, 2024, on Fannie Mae's motion, I terminated the receivership order and closed the case. (Doc. No. 42.)

On December 26, 2024, Fannie Mae filed a Motion attesting that because an independent appraiser had evaluated 1127 Ward Street's fair market value to be $12,200,000, the agency's acquisition of that property did not fully satisfy the judgment amount PF owed. (Doc. No. 44-1 at 6-7.) The agency also averred it was owed additional interest, auction costs, and other expenses incurred after I granted summary judgment. (Id. at 8.) Fannie Mae asked me to fix the fair market value of 1127 Ward Street at $12,200,000, and enter a deficiency judgment against PF, which has not responded. (Id.; see also Docket.) Accordingly, on January 29, 2025, Fannie Mae filed a Default Order Request. (Doc. No. 45.)

## II.  FAIR MARKET VALUE

Pennsylvania's Deficiency Judgment Act provides that "[w]henever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment . . . the judgment creditor shall petition the court to fix the fair market value of the real property sold." 42 Pa. C.S. § 8103(a). The Act is made applicable to this proceeding through Rule 69. Fed. R. Civ.

P. 69(a)(1); see also United States v. Decisions Child Care Ctr., Inc., No. 11-2163, 2013 WL 2382456, at *1 (M.D. Pa. May 30, 2013).

The Act further provides that "[i]f no answer is filed within the time prescribed by general rule . . . the court shall determine and fix as the fair market value of the property sold the amount thereof alleged in the petition." 42 Pa. C.S. § 8103(c)(1). PF had fourteen days to respond to Fannie Mae's Motion. Loc. R. 7.1(c).

The agency alleges the fair market value of 1127 Ward Street is $12,200,000 based on an independent appraisal. (Doc. No. 44-14.) I will so fix that value to the property.

### III. DEFICIENCY JUDGMENT

The Deficiency Judgment Act states that after I determine the fair market value, the debtor remains liable for "the amount of all prior liens, costs, taxes and municipal claims not discharged by the sale, and . . . the amount of any such items paid at the distribution on the sale." 42 Pa. C.S. § 8103(c)(5). Fannie Mae is owed $50,000 for the Marshals' commission and $156.25 for the cost of recording the deed. (Doc. Nos. 38, 44-13; see also Doc. No. 45 at *15). The Agency also avers that it incurred $5,153.10 in advertising costs. (Doc. No. 45 at *15.) Finally, there is a $49,347.76 lien on the property. Municipal Lien, Stormwater Authority of the City of Chester v. PF Hillside Manor, L.P., No. CV-2022-064362 (Delaware Ct. Comm. Pl. Aug. 27, 2022). PF does not contest these amounts, which I will award to Fannie Mae.

### IV. INTEREST, FEES, AND COSTS

Fannie Mae also asks for interest, fees, and costs, but claims different amounts in its Motion and Default Order Request. (Compare Doc. No. 44-1 at 8 with Doc. No. 45 at *15.) Because it "reserve[d] the right to update the amount of the Deficiency Judgment," I construe the Default Order Request sums to apply. (Doc. No. 44-1 at 8 n.2; Doc. No. 45 at *15 n.5).

The Loan Agreement awards Fannie Mae 7.11% interest on the principal outstanding after default.  (Doc. No. 44-3 at *102, 118.)  The agency requests that interest from October 31, 2023 (the last date it received interest in the Summary Judgment Order) until June 28, 2024 (the date it recorded the deed).  (Doc. No. 45 at *15.) Over that period—on a principal of $12,936,404.58, with 7.11% annual interest and no compounding, using a 360-day year as stipulated in the Loan Agreement—I find it is entitled to its claimed sum of $615,740.54.  (See Doc. No. 44-3 at *118.)

Fannie Mae asks for additional post-judgment interest.  28 U.S.C. § 1961(a) provides that "[i]nterest shall be allowed on any money judgment . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of the judgment."  Fannie Mae asserts "post-judgment interest accrues only on the unpaid balance of the judgment," and so calculates it from June 29, 2024—the day after it recorded the deed and the judgment value of $13,760,241.74 dropped to $1,560,241.74.  (Doc. No. 45 at *15 n.4.)  I take judicial notice that the week preceding June 28, 2024, the weekly average 1-year constant maturity Treasury yield was 5.10%.  Market Yield on U.S. Treasury Securities at 1-Year Constant Maturity, Federal Reserve Bank of St. Louis, https://fred.stlouisfed.org/series/WGS1YR (last accessed June 30, 2025).  From June 29, 2024 until today—on an unpaid judgment amount of $1,560,241.74, at 5.10% annual interest, with no compounding—Fannie Mae is owed $80,008.34.

Finally, in the event of default, the Loan Agreement makes PF liable for Fannie Mae's "fees, costs, charges, or expenses (including the reasonable fees and expenses of attorneys)." (Doc. No. 44-3 at *29.)  In the Summary Judgment Order, I granted Fannie Mae fees and costs until October 31, 2023.  (Doc. No. 30 at 7-8.)  The agency now asks for an additional $164,604.68 in fees and costs incurred from then until the date it filed the Default Order Request.  (Doc. No. 45 at *15.)  I will grant that sum.

4

\*                                   \*                                                   \*

**AND NOW**, this 1st day of July, 2025, upon plaintiff Fannie Mae's Motion to Fix Fair Market Value and Enter a Deficiency Judgment, (Doc. No. 44), and Motion for a Default Order, (Doc. No. 45), it is hereby **ORDERED** that:

1. The fair market value of 1127 Ward Street, Chester, Pennsylvania, 19013 is **FIXED** at $12,200,000.

2. A Deficiency Judgment is **ENTERED** against defendant PF Hillside Manor, LP, in the amount of $1,659,745.75, calculated as follows:

    a. $13,760,241.74 awarded at Summary Judgment;

    b. $156.25 to record the deed;

    c. $50,000.00 owed as commission to the United States Marshals Service;

    d. $49,347.76 to satisfy a municipal lien;

    e. <u>less</u> the fair market value of $12,200,000.

3. Fannie Mae is **AWARDED** interest of $615,740.54; post-judgment interest of $80,008.34; and fees and costs of $164,604.68; plus post-judgment interest in accordance with 28 U.S.C. § 1961 accruing at the lawful rate until the judgment is satisfied in full.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
Paul S. Diamond, J.
